# COURT OF APPEALS OF VIRGINIA

**Record No. 1276-25-4**

W. GRAHAM ARADER, III

v.

VALLI H. ARADER

Present: Judges O'Brien, Friedman and Frucci

Opinion Issued July 28, 2026[*]

## FROM THE CIRCUIT COURT OF FAUQUIER COUNTY
Richard B. Potter, Judge Designate[1]

(T. Brooke Howard, II; Howard, Clark, and Howard, on brief), for appellant.

(James A. Klenkar; Hall, Monahan, Engle, Mahan & Mitchell, on brief), for appellee. Appellee submitting on brief.

## MEMORANDUM OPINION
## PER CURIAM

W. Graham Arader, III, (husband) appeals the circuit court's order finding him in contempt for not making monthly payments to Valli H. Arader (wife) under their 2001 divorce decree. Husband argues that the evidence did not establish his nonpayment, wife's claim was untimely, and the penalty provision was not incorporated into the divorce decree. As the record contains sufficient evidence of nonpayment, and husband's remaining arguments are waived under Rule 5A:18, the circuit court's judgment is affirmed.[2]

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Judge James E. Plowman, Jr., presided over the contempt proceeding.

[2] Having examined the briefs and record in this case, the panel unanimously agrees that oral argument is unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a).

BACKGROUND[3]

The parties divorced in 2001. The final divorce decree incorporated, but did not merge, their property settlement agreement (PSA). Under the PSA, husband had to pay wife $19,000 monthly for marital assets.

In February 2012, the parties entered a written agreement acknowledging that husband owed wife $66,000 under the PSA. Husband had missed four of the monthly payments for marital assets, totaling $76,000, minus a credit for a $10,000 payment. Under the agreement, husband had to cure the arrearage by October 15, 2013. The agreement also stated that going forward husband would incur a 20% penalty on payments over 30 days late.

Over the next decade, husband never paid the arrearage and missed 10 more monthly payments totaling $190,000. Wife declined to accept February 2023's payment because it, along with its corresponding letter, purported to release all claims. On April 12, 2024, the circuit court entered a rule to show cause for husband's failure to make monthly payments under the divorce decree. Wife also sought attorney fees.[4]

At the hearing, wife submitted the final divorce decree, the PSA, the February 2012 agreement, and the uncashed February 2023 payment and corresponding letter. She testified husband owed her $294,000: $66,000 from the February 2012 agreement, $190,000 in unpaid monthly payments, and $38,000 in penalties for the missed monthly payments. Wife also authenticated husband's signature on the February 2012 agreement and stated that she had reviewed her bank accounts and confirmed the missed payments.

---

[3] On appeal, we view "the evidence in the light most favorable" to wife because she prevailed below, and we grant her "the benefit of any reasonable inferences." *Veldhuis v. Abboushi*, 77 Va. App. 599, 607 (2023) (quoting *Young Kee Kim v. Douval Corp.*, 259 Va. 752, 756 (2000)).

[4] Wife's also requested enforcement of a different provision of the final decree, which is not a part of this appeal.

Husband disputed wife's testimony. He believed he had either paid or any unpaid amounts the parties had agreed were satisfied, and he denied signing the February 2012 agreement. He acknowledged that a colleague assisted him with financial matters, including endorsing financial papers on his behalf. Husband presented financial records demonstrating payments he made from January 2018 to February 2025; the records showed $95,000 in missed payments during that period.[5]

The circuit court found wife's testimony credible and concluded that husband signed the February 2012 agreement. It reasoned that husband's payments from 2018 through February 2025 did not account for the $66,000 owed under the February 2012 agreement or unpaid payments from 2012 to 2018.

The circuit court entered an order dated April 2, 2025, finding husband in contempt. It then stayed that finding, providing husband with an opportunity to cure his contempt by paying the $294,000 in arrears and $14,128.93 in attorney fees before a June 2025 status hearing. Husband signed the order "seen and objected to."

At the status hearing, husband admitted he had not fully paid, having tendered only a $30,000 check that morning. By order dated June 27, 2025, the circuit court lifted the stay and ordered husband to pay the balance of the arrears and attorney fees by July 25, 2025. The circuit court continued the case to impose additional sanctions if husband failed to pay timely. Husband again signed the order "seen and objected to." Husband paid the balance on July 24, 2025, and the circuit court removed the sanctions hearing from the docket. Husband appeals.

---

[5] The total reflected no proof of payment for February 2023, even with a credit for husband's additional check for January 2023.

ANALYSIS

*I. Credible evidence supported the circuit court's finding that husband owed $190,000.*

"[W]e review the exercise of a court's contempt power under an abuse of discretion standard." *Mills v. Mills*, 70 Va. App. 362, 373 (2019) (alteration in original) (quoting *Zedan v. Westheim*, 60 Va. App. 556, 574 (2012)). When the circuit court hears evidence ore tenus in a contempt proceeding, we treat its judgment "as the verdict of a jury." *Id.* (quoting *Drake v. Nat'l Bank of Com. of Norfolk*, 168 Va. 230, 240 (1937)). "As such, the circuit court's factual findings may 'not be disturbed on appeal unless plainly wrong or without evidence to support' them." *Id.* (quoting *Ware v. Ware*, 203 Va. 189, 195 (1962)). "Where the record contains credible evidence in support of the findings made by that court, we may not retry the facts or substitute our view of the facts for those of the trial court." *Bedell v. Price*, 70 Va. App. 497, 504 (2019) (quoting *Ferguson v. Stafford Cnty. Dep't of Soc. Servs.*, 14 Va. App. 333, 336 (1992)).

"'[T]here must be an express command or prohibition' which has been violated in order for a proceeding in contempt to lie." *Petrosinelli v. PETA, Inc.*, 273 Va. 700, 707 (2007) (quoting *French v. Pobst*, 203 Va. 704, 710 (1962)). And there must be "no objectively reasonable basis for concluding that the . . . conduct might be lawful." *Taggart v. Lorenzen*, 587 U.S. 554, 557 (2019). Thus, "[i]n a show cause hearing, the moving party need only prove that the offending party failed to comply with an order of the trial court." *Winters v. Winters*, 73 Va. App. 581, 590 (2021) (alteration in original) (quoting *Commonwealth ex rel. Graham v. Bazemore*, 32 Va. App. 451, 455 (2000)). Then, "[t]he offending party then has the burden of proving adequate justification for his failure to comply." *Id.*

We reject husband's argument that wife's testimony was too vague and uncorroborated to show $190,000 in missed monthly payments. "It is well established that the trier of fact ascertains a witness' credibility, determines the weight to be given to their testimony, and has the

discretion to accept or reject any of the witness' testimony." *Khalid-Schieber v. Hussain*, 70 Va. App. 219, 234 (2019) (quoting *Street v. Street*, 25 Va. App. 380, 387 (1997) (en banc)). "The decision of the trial judge is peculiarly entitled to respect for he saw the parties, heard the witnesses testify and was in closer touch with the situation than [the appellate] Court, which is limited to a review of the written record." *Id.* at 235 (alteration in original) (quoting *Brown v. Brown*, 218 Va. 196, 200 (1977)).

Wife testified that upon review of her bank account transactions since February 2012, she determined that husband missed 10 payments totaling $190,000, including the conditional payment for February 2023 that she declined to accept. Although husband disputed that he owed any money, he provided no documentation of his payments before January 2018, and his own financial records since that date demonstrated $95,000 in missed payments. "If a trial court's factual determination turns on the credibility of testifying witnesses and relies on testimony heard ore tenus, we are bound by the trial court's determination." *Willems v. Batcheller*, 78 Va. App. 199, 213 (2023). Bound by the circuit court's determination that wife's testimony of nonpayment was more credible than husband's, we will not disturb its judgment on appeal. *Mills*, 70 Va. App. at 373.

*II. Husband waived his remaining arguments under Rule 5A:18.*

"Ordinarily, '[t]he Court of Appeals will not consider an argument on appeal which was not presented to the trial court.'" *Fletcher v. Commonwealth*, 72 Va. App. 493, 510 (2020) (alteration in original) (quoting *Ohree v. Commonwealth*, 26 Va. App. 299, 308 (1998)). "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. "The purpose of th[e] contemporaneous objection requirement [in Rule 5A:18] is to allow the trial court a fair

opportunity to resolve the issue at trial, thereby preventing unnecessary appeals and retrials." *Hogle v. Commonwealth*, 75 Va. App. 743, 755 (2022) (alterations in original) (quoting *Creamer v. Commonwealth*, 64 Va. App. 185, 195 (2015)). "Specificity and timeliness undergird the contemporaneous-objection rule, animate its highly practical purpose, and allow the rule to resonate with simplicity." *Id.* (quoting *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019)). "Not just any objection will do. It must be both specific and timely—so that the trial judge would know the particular point being made in time to do something about it." *Id.* (quoting *Bethea*, 297 Va. at 743). "If a party fails to timely and specifically object, he waives his argument on appeal."[6] *Id.* Husband contends that wife's claim is untimely and that the circuit court erroneously enforced the penalty provision. But nowhere in the record does it show that husband raised these specific arguments to the circuit court, so he may not raise them for the first time on appeal. Rule 5A:18. "Endorsing a decree 'seen and objected to' does not preserve an issue for appeal unless the record further reveals that the issue was properly raised for consideration by the trial court." *Konefal v. Konefal*, 18 Va. App. 612, 615 (1994) (quoting *Twardy v. Twardy*, 14 Va. App. 651, 657 (1992) (en banc)). Although there are exceptions to Rule 5A:18, husband has not invoked them, and we will not apply them sua sponte. *Spanos v. Taylor*, 76 Va. App. 810, 828 (2023). Therefore, husband waived these remaining assignments of error, and we do not consider them. *Hogle*, 75 Va. App. at 755.

## CONCLUSION

For the foregoing reasons, the circuit court's judgment is affirmed.

*Affirmed.*

---

[6] Virginia circuit court judges are a resilient lot; a specific and timely objection will often result in judicial self-correction, making potential corrections often occur in real time and can even then eliminate the need for an appeal. *See Brown v. Commonwealth*, 279 Va. 210 (2010).